UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

DEMAREA HAMILTON,

    Plaintiff,

v.                                   Case No. 3:24-cv-574-MMH-MCR

CRETE CARRIER CORPORATION
and JANE DOE,

    Defendants.

## O R D E R

**THIS CAUSE** is before the Court on Plaintiff's Motion to Remand to State Court and Memorandum of Law in Support (Doc. 11; Motion), filed on June 20, 2024. On July 5, 2024, Defendant Crete Carrier Corporation (Crete) timely filed its response in opposition. See generally Defendant's Response in Opposition to Plaintiff's Motion to Remand to State Court (Doc. 12; Response). Accordingly, this matter is ripe for the Court's consideration. Upon review of the Motion, Response, and the record in this case, the Court finds that Crete has failed to show by a preponderance of the evidence that the amount in controversy in this action exceeds $75,0000. Accordingly, the Motion is due to be granted.

## I. Procedural History and Background

Plaintiff Demarea Hamilton initiated this personal injury action on March 19, 2023, in the Circuit Court for the Seventh Judicial Circuit in and for Putnam County, Florida. See generally Complaint (Doc. 1-1 at 4–6). In his original Complaint, Hamilton alleged that Crete employees negligently packed a trailer with wooden pallets, which fell and struck Hamilton on October 19, 2022, when he "opened the door to the trailer." See id. ¶¶ 6–7.[1] Hamilton later filed an Amended Complaint (Doc. 6) in state court on May 22, 2023. In his Amended Complaint, Hamilton asserts that he has incurred "permanent or continuing" losses, and that he suffered bodily injuries "resulting in pain and suffering, disability, disfigurement, permanent and significant scarring, mental anguish, loss of the capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earning, loss of the ability to

---

[1] In an abundance of caution, these facts are drawn from Hamilton's original Complaint and not his Amended Complaint because—despite its increased length—in the Amended Complaint Hamilton includes less detail about the circumstances of his injuries. But the Court emphasizes that the Amended Complaint, not the original Complaint, is the operative pleading in this action. See Malowney v. Federal Collection Deposit Grp., 193 F.3d 1342, 1345 n.1 (11th Cir. 1999) (noting that "[a]n amended complaint supersedes a previously filed complaint"). Notably, when a plaintiff amends his complaint, "'the original pleading is abandoned by the amendment, and is no longer a part of the pleader's averments against his adversary.'" See Pintando v. Miami-Dade Hous. Agency, 501 F.3d 1241, 1243 (11th Cir. 2007) (quoting Dresdner Bank AG v. M/V Olympia Voyager, 463 F.3d 1210, 1215 (11th Cir. 2006)). Despite this, Hamilton argues in his Motion that "he was injured by stacked wood pallets" while "unloading a trailer." See Motion at 4. Regardless, even if Hamilton had included these additional details in his Amended Complaint, it would not affect the Court's conclusion that this case is due to be remanded. Accordingly, the Court includes these additional facts for completeness.

earn money, and aggravation of a previously existing condition."[2] See Amended Complaint ¶ 17. After more than a year of litigation in state court, Hamilton served Crete with a proposal for settlement in the amount of $4,500,000 pursuant to section 768.79 of the Florida Statutes. See Proposal for Settlement (Doc. 1-3). Crete then removed the case to this Court on June 7, 2024. See generally Notice of Removal (Doc. 1; Notice).

In the Notice, Crete asserts that the Court has diversity jurisdiction over this action under § 1332(a) because the parties are completely diverse and the amount in controversy exceeds $75,000. See id. ¶ 2.[3] According to Crete, it first learned that this action was removable when Hamilton served his Proposal for Settlement. Id. Although a party ordinarily may not remove a case based on diversity jurisdiction more than one year after the action commenced, Crete

---

[2] Despite alleging in the Amended Complaint that his damages include lost earnings, Hamilton has responded to interrogatories stating that he is "not making a wage claim" in this case. See Plaintiff's Answer to Interrogatories (Doc. 1-2; Answer to Interrogatories) ¶ 2 (objecting to the relevance of a question about past employment and rates of pay). When asked if he is claiming any past or future loss of earnings or income, Hamilton answered "[n]ot at this time." Id. ¶ 10.

[3] In the Amended Complaint, which is the operative complaint in this action, Hamilton added a claim for negligence against Crete Carrier Corporation's "store manager" under the fictitious name "Jane Doe." See Amended Complaint ¶¶ 19–20 (alleging Jane Doe's involvement on information and belief, and asserting that Jane Doe is "personally liable" for Hamilton's injuries). In their filings in this Court, neither party lists Jane Doe in the case caption or otherwise acknowledges her status as a Defendant in this case. Hamilton does not address the Count against Doe in arguing that the Court lacks subject matter jurisdiction. But pursuant to 28 U.S.C. § 1441, "the citizenship of defendants sued under fictitious names shall be disregarded" in "determining whether a civil action is removable" based on the Court's diversity jurisdiction. See 28 U.S.C. § 1441(b)(1). Accordingly, the presence of this additional defendant does not affect the Court's analysis of the Motion. See Howell v. Trib. Ent. Co., 106 F.3d 215, 218 (7th Cir. 1997) (listing "exceptions" to the general rule that Doe defendants "are not permitted in federal diversity suits").

asserts that Hamilton acted in "bad faith" by delaying discovery, responding incompletely to discovery requests, and "actively obfuscat[ing]" the amount in controversy. Id. ¶ 17–18. Crete thus argues that the one-year limit in § 1446(c)(1) does not bar removal in this case.

On June 11, 2024, the Court sua sponte entered an order questioning whether Crete's Notice was timely pursuant to 28 U.S.C. § 1446(b)(3) and (c)(1). See generally Order (Doc. 8; Removal Order). In the Removal Order, the Court explained that if Hamilton sought to challenge the timeliness of the Notice, he must do so by July 5, 2024. Id. at 2. The Court also noted that a failure to file such a motion on or before July 5, 2024, may be construed as a waiver of Hamilton's right to challenge any procedural defect in Crete's removal of this case. Id.

Hamilton now moves to remand this case to state court, arguing that Crete failed to establish the amount in controversy by a preponderance of the evidence, and that it waived its right to remove the case by taking "substantial defensive action" in state court. See generally Motion. Crete disputes these assertions in its Response. See generally Response. Crete also contends that Hamilton waived any argument that its removal was untimely by failing to address the issue in its Motion. See id. at 1, 3, 14–15.

With respect to the amount in controversy, the Court notes that while Hamilton has not pleaded a specific amount of damages, in the Amended

Complaint he alleges that the value of his claim exceeds $50,000 exclusive of interest, costs, and attorneys' fees. See Amended Complaint ¶ 1. And on the Civil Cover Sheet Hamilton filed with his original Complaint in state court, he represented that the value of his claim was between $50,001 and $75,000. See Civil Cover Sheet at 1 (Doc. 1-1 at 1; Civil Cover Sheet). According to Crete, discovery in this case has revealed only approximately $37,000 in past medical bills. See Notice ¶ 17. Despite these facts, Crete contends that Hamilton's Proposal for Settlement, combined with his alleged injuries, future losses, and continuing damages, sufficiently establish that the amount in controversy exceeds the Court's jurisdictional threshold. Id. ¶ 15.

## II. Applicable Law

"If a state-court complaint states a case that satisfies federal jurisdictional requirements, a defendant may remove the action to federal court pursuant to 28 U.S.C. § 1446(b)." See Roe v. Michelin N. Am., Inc., 613 F.3d 1058, 1060 (11th Cir. 2010). The removing party bears the burden of demonstrating that federal jurisdiction exists. Kirkland v. Midland Mtg. Co., 243 F.3d 1277, 1281 n.5 (11th Cir. 2001); see also Pretka v. Kolter City Plaza II, Inc., 608 F.3d 744, 752 (11th Cir. 2010).[4] Where, as here, the defendant

---

[4] Although Pretka involved removal under the Class Action Fairness Act of 2005 (CAFA), it interpreted and applied the general removal procedures; indeed, with limited exception, "CAFA's removal provision expressly adopts the procedures of the general removal statute, 28 U.S.C. § 1446." Pretka, 608 F.3d at 756–57 & n.11 (citations omitted). Thus, the Court finds Pretka's analysis applicable to the case at bar. See Bender v. Mazda Motor Corp.,

- 5 -

relies on diversity jurisdiction under § 1332(a) as the basis for removal, it must show both that the parties to the action are of diverse citizenship and that the amount in controversy exceeds $75,000.00. See Williams v. Best Buy Co., 269 F.3d 1316, 1319 (11th Cir. 2001). In this case, Hamilton does not dispute that the parties are of diverse citizenship.[5] See Motion at 1. Therefore, the only jurisdictional question before the Court concerns whether the amount in controversy requirement has been satisfied. Williams, 269 F.3d at 1319.

"Where the plaintiff has not plead[ed] a specific amount of damages . . . the defendant is required to show . . . by a preponderance of the evidence that the amount in controversy can more likely than not be satisfied." Kirkland, 243 F.3d at 1281 n.5; see also Pretka, 608 F.3d at 752 (quoting Williams, 269 F.3d at 1319); Roe, 613 F.3d at 1061. "In some cases, this burden requires the removing defendant to provide additional evidence demonstrating that removal is proper." Roe, 613 F.3d at 1061. However, in other cases, "it may be 'facially apparent' from the pleading itself that the amount in controversy exceeds the jurisdictional minimum, even when 'the complaint does not claim a specific amount of damages.'" Id. (quoting Pretka, 608 F.3d at 754). In determining whether the amount in controversy requirement is met, the Court "focuses on how much is in controversy at the time of removal, not later." Pretka, 608 F.3d

---

657 F.3d 1200, 1204 n.2 (11th Cir. 2011); Roe, 613 F.3d at 1061-62.

[5] According to Crete, Hamilton and Crete are citizens of Florida and Nebraska, respectively. See Notice ¶¶ 4–5.

- 6 -

at 751 (citations omitted); see also Poore v. Am.-Amicable Life Ins. Co., 218 F.3d 1287, 1290–91 (11th Cir. 2000) (holding that "the district court must determine whether it had subject matter jurisdiction at the time of removal"), overruled on other grounds by Alvarez v. Uniroyal Tire Co, 508 F.3d 639, 640–41 (11th Cir. 2007); Sierminski v. Transouth Fin. Corp., 216 F.3d 945, 946 (11th Cir. 2000).

A court may not speculate or guess as to the amount in controversy. See Pretka, 608 F.3d at 752. However, "Eleventh Circuit precedent permits district courts to make 'reasonable deductions, reasonable inferences, or other reasonable extrapolations' from the pleadings to determine whether it is facially apparent that a case is removable." Roe, 613 F.3d at 1061–62 (quoting Pretka, 608 F.3d at 754). Indeed, "courts may use their judicial experience and common sense in determining whether the case stated in a complaint meets federal jurisdictional requirements." Id. at 1062. Moreover, "a removing defendant is not required to prove the amount in controversy beyond all doubt or to banish all uncertainty about it." Pretka, 608 F.3d at 754. All that is required is that a removing defendant show, by a preponderance of the evidence, that the amount in controversy exceeds the jurisdictional requirement. See id. at 752. However, in considering the propriety of a removal, federal courts consistently caution that removal statutes must be strictly construed, and all doubts resolved in favor of remand. See Burns v. Windsor Ins. Co., 31 F.3d 1092, 1095 (11th Cir.

1994); see also Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 109 (1941) ("Due regard for the rightful independence of state governments, which should actuate federal courts, requires that they scrupulously confine their own jurisdiction to the precise limits which the statute has defined.") (internal citations omitted). Nonetheless, when it is clear that the jurisdictional minimum is likely met, a district court should acknowledge the value of the claim, even if it is unspecified by the plaintiff. See Roe, 613 F.3d at 1064. To do otherwise would abdicate the court's statutory right to hear the case, and reward a plaintiff for "employing the kinds of manipulative devices against which the Supreme Court has admonished us to be vigilant." See id.

### III.  Discussion

As an initial matter, Hamilton does not argue that the Court should remand this case because removal was untimely.[6] It therefore appears that Hamilton has waived his challenge to the timeliness of the removal. See Wilson v. Gen. Motors Corp., 888 F.2d 779, 781, n.1 (11th Cir. 1989) (explaining that untimely removal is not a jurisdictional defect and therefore "may be waived"). The Court thus does not address the timeliness issue and instead turns its attention to the amount in controversy.

---

[6] Hamilton asserts that Crete's argument that he acted in bad faith is an attempt to "avoid the one-year time limit for removal." See Motion at 3. And he also contends that Crete's filing of the Notice "exceeded the one-year limit for removal." See id. at 5. But he does so only in the introduction and background sections of his Motion, and he presents no substantive argument that the Court should remand the case on this basis.

Crete argues that several pieces of evidence establish that the amount in controversy exceeds $75,000, including Hamilton's assertion that he has suffered damages in "excess of $50,000," and the fact that his "claims stem from an incident of several pallets" hitting him "in the head, neck, shoulder, and arm." See Response at 8. Crete also contends that Hamilton "has identified no less than 12 categories of damages" which "provide some support for this Court's jurisdiction,"⁷ and it cites medical records which (among other things) "indicate that [Hamilton] was referred to a neurologist" for a head injury and received "ongoing treatment . . . for about a year following the incident." Id. Crete does not appear to argue that these facts—standing alone—are sufficient to establish the Court's jurisdiction.⁸ But taking these facts together with Hamilton's $4,500,000 Proposal for Settlement and his "refusal to stipulate to damages below the jurisdictional threshold," Crete contends that it has met its burden of showing that the amount in controversy exceeds $75,000. See Response at 4–5.

---

⁷ Crete argues that the "12 categories of damages" are "not conclusory allegations." See Response at 8. This contention is plainly without merit. Hamilton alleges that he has suffered "bodily injury in and about [his] body and extremities, resulting in pain and suffering, disability, disfigurement, permanent and significant scarring, mental anguish, loss of the capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earning, loss of the ability to earn money, and aggravation of a previously existing condition." See Amended Complaint ¶ 17. While the Court expresses no opinion about whether Hamilton may ultimately be able to prove such damages, the boilerplate list of "categories of damages," which lacks any supporting detail, is entirely conclusory.

⁸ Indeed, Crete asserts in its Notice that it could not have ascertained that the amount in controversy exceeded the Court's jurisdictional threshold before Hamilton served his "May 9, 2024, proposal for settlement." See Notice ¶ 17 (contending that removal was timely because this was Crete's "first opportunity" to "learn that the action was removable").

Crete argues that several pieces of evidence establish that the amount in controversy exceeds $75,000, including Hamilton's assertion that he has suffered damages in "excess of $50,000," and the fact that his "claims stem from an incident of several pallets" hitting him "in the head, neck, shoulder, and arm." See Response at 8. Crete also contends that Hamilton "has identified no less than 12 categories of damages" which "provide some support for this Court's jurisdiction,"[7] and it cites medical records which (among other things) "indicate that [Hamilton] was referred to a neurologist" for a head injury and received "ongoing treatment . . . for about a year following the incident." Id. Crete does not appear to argue that these facts—standing alone—are sufficient to establish the Court's jurisdiction.[8] But taking these facts together with Hamilton's $4,500,000 Proposal for Settlement and his "refusal to stipulate to damages below the jurisdictional threshold," Crete contends that it has met its burden of showing that the amount in controversy exceeds $75,000. See Response at 4–5.

---

[7] Crete argues that the "12 categories of damages" are "not conclusory allegations." See Response at 8. This contention is plainly without merit. Hamilton alleges that he has suffered "bodily injury in and about [his] body and extremities, resulting in pain and suffering, disability, disfigurement, permanent and significant scarring, mental anguish, loss of the capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earning, loss of the ability to earn money, and aggravation of a previously existing condition." See Amended Complaint ¶ 17. While the Court expresses no opinion about whether Hamilton may ultimately be able to prove such damages, the boilerplate list of "categories of damages," which lacks any supporting detail, is entirely conclusory.

[8] Indeed, Crete asserts in its Notice that it could not have ascertained that the amount in controversy exceeded the Court's jurisdictional threshold before Hamilton served his "May 9, 2024, proposal for settlement." See Notice ¶ 17 (contending that removal was timely because this was Crete's "first opportunity" to "learn that the action was removable").

Crete points out that Hamilton made his Proposal for Settlement after significant litigation and pursuant "to section 768.79" of the Florida Statutes, so it is "not merely an unsupported demand letter." See id. at 9. "[A]lthough there may be some merit" to the argument that a proposal for settlement "pursuant to Florida Statutes section 768.79 is entitled to more weight than a pre-suit demand," such an offer, standing alone, "is not enough to satisfy [a] [d]efendant's burden" of establishing the amount in controversy. See Brooks v. Sears, Roebuck & Co., No. 6:18-cv-554-Orl-37DCI, 2018 WL 3761045, at *3 (M.D. Fla. July 2, 2018) (recommending that the case be remanded to state court, despite an offer for judgment which exceeded the jurisdictional threshold, where the defendant "provided the [c]ourt with no information whatsoever regarding the nature or severity of [p]laintiff's injuries" to indicate whether the offer was "a reasonable assessment of the value of [p]laintiff's claim"), report and recommendation adopted, 2018 WL 3545421 (July 24, 2018).[9] And when a settlement offer "reflect[s] puffing and posturing" it "is entitled to little weight in measuring the preponderance of the evidence." Jackson v. Select Portfolio Servicing, Inc., 651 F. Supp. 2d 1279, 1281 (S.D. Ala. 2009); see also Alilin v. State Farm Mut. Auto. Ins. Co., No. 6:14-cv-1183-Orl-41DAB, 2014 WL

---

[9] The Court notes that although decisions of other district courts are not binding, they may be cited as persuasive authority. See Stone v. First Union Corp., 371 F.3d 1305, 1310 (11th Cir. 2004) (noting that, "[a]lthough a district court would not be bound to follow any other district court's determination, the decision would have significant persuasive effects").

7734262, at *2 (M.D. Fla. Jan. 30, 2014). Notably, "'settlement offers that provide specific information to support the plaintiff's claim for damages suggest the plaintiff is offering a reasonable assessment of the value of his claim and are entitled to more weight.'" Alilin, 2014 WL 7734262, at *2 (quoting Jackson, 651 F. Supp. 2d at 1281). But, here, Hamilton's Proposal for Settlement lacks any specific information to explain why $4,500,000 is a reasonable assessment of the value of his claim, nor does the record in this case support such a conclusion. The Proposal for Settlement therefore does little to establish that the amount in controversy in this action exceeds the Court's jurisdictional threshold.

Crete's reliance on Hamilton's past medical bills of $37,000 is similarly unavailing. According to Crete, Hamilton has already incurred past medical bills equal to half of the $75,000 amount in controversy threshold and "expected future medical damages will far exceed the threshold." Response at 10-11. But this statement is nothing more than rank speculation. Crete points to no evidence in support of any specific future medical care that might be required much less the cost or frequency of such care. And the documents that Crete attaches to the Response show no medical care after April of 2023. As such, this evidence fails to support a finding that the amount in controversy in this action exceeds $75,000.

Crete's reliance on Hamilton's post-removal failure to stipulate that the amount in controversy is less than $75,000 also fails. As with a proposal for settlement, a "refusal to stipulate to damages not exceeding the jurisdictional minimum," standing alone, "is not enough to establish that the threshold amount has been met." See Brown v. Fam. Dollar Store of Fla., LLC, No. 6:19-cv-2323-Orl-78DCI, 2020 WL 13349079, at *2 (M.D. Fla. June 29, 2020) (citing Williams, 269 F.3d at 1320). On the record before the Court, and even in conjunction with the rest of the evidence, Hamilton's refusal to stipulate to the amount of damages is simply unpersuasive.[10] Accordingly, Crete has failed to meet its burden of establishing that the amount in controversy in this action exceeds the Court's jurisdictional threshold.[11]

For all the foregoing reasons, Crete has not shown by a preponderance of the evidence that the amount in controversy exceeds the Court's jurisdictional threshold. The Motion is therefore due to be granted, and this case remanded to the state court in which it originated.[12]

---

[10] It is likewise unpersuasive that Hamilton "does not actually state that the amount in controversy is less than $75,000" in his Motion, and instead "merely states that Crete did not provide sufficient evidence that the amount in controversy" exceeds the jurisdictional threshold. See Response at 11. Crete is the party seeking to invoke the Court's jurisdiction, so Crete has the burden to show that jurisdiction is proper. See Kirkland, 243 F.3d at 1281 n.5.

[11] Because Crete has not met this burden, the Court need not determine whether Crete waived its ability to remove this case to federal court.

[12] In the Response, Crete "requests that the issue be clarified through jurisdictional discovery" if the Court determines that it has presented insufficient evidence of the amount in controversy. See Response at 11 n.2. This request is due to be denied. When a defendant "files a notice of removal prior to receiving clear evidence that the action satisfies the jurisdictional requirements," the "natural consequence . . . is remand to state court." Lowery

Accordingly, it is

**ORDERED:**

1. Plaintiff Demarea Hamilton's Motion to Remand to State Court and Memorandum of Law in Support (Doc. 11) is **GRANTED**.

2. The case is **REMANDED** to the Circuit Court for the Seventh Judicial Circuit in and for Putnam County, Florida.

3. The Clerk of the Court is directed to mail a certified copy of this Order to the clerk of that court, terminate any pending motions, and close the file.

**DONE AND ORDERED** in Jacksonville, Florida, on August 27, 2024.

**MARCIA MORALES HOWARD**
United States District Judge

i60/lc31

Copies to:

Counsel of Record

Clerk, Circuit Court, Seventh Judicial Circuit
in and for Putnam County, Florida

---

v. Ala. Power Co., 483 F.3d 1184, 1217–18 (11th Cir. 2007). As such, the Court will not wait "to allow [Crete] to discover the potential factual basis for jurisdiction" before remanding the case. See id. at 1217.